IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES REED, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:03CV01270 HEA (AGF) |
| ) | |
| DONNA McCONDICHIE, ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on the pro se petition of Missouri state prisoner James Reed for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The action was referred to the undersigned Magistrate Judge under 28 U.S.C. § 636(b) for recommended disposition. For the reasons set forth below, the Court recommends that federal habeas relief be denied because this Court is procedurally barred from considering the merits of Petitioner's claims.

**BACKGROUND**

Petitioner was found guilty of two counts of first-degree robbery, three counts of armed criminal action, and one count of first-degree assault. He was sentenced to a total of 29 years of imprisonment. Petitioner claims in the present action that his constitutional rights were violated in the following ways: (1) trial counsel was ineffective in failing to object to the in-court identification of Petitioner; (2) counsel was ineffective in failing to argue that Petitioner did not receive a fair trial as a result of certain jurors being chosen to

1

sit on the jury; (3) trial counsel was ineffective in failing to investigate and call a certain alibi witness;[1] (4) Petitioner's conviction was obtained by use of evidence obtained during an unconstitutional arrest, search, and seizure; and (5) Petitioner was deprived of a fair trial as a result of one of the jurors knowing the victim.

The only issue raised by Petitioner on direct appeal was that the trial court committed plain error in sending an exhibit -- the transcript of the preliminary hearing testimony of a witness for the State who had died prior to trial -- to the jury during its deliberations. This testimony had been read to the jury during the trial, but the version of the transcript sent to the jury during deliberations included the trial judge's finding that there was probable cause to believe that petitioner had committed the charged crimes. Resp. Ex. C. In a motion for state post-conviction relief, Petitioner raised numerous claims of ineffective assistance of trial counsel. Resp. Ex. F at 5-8 (pro se motion), 29-42 (amended motion filed with the assistance of appointed counsel). But on appeal from the denial of post-conviction relief, Petitioner raised only two claims: (1) that trial counsel was ineffective in failing to object to the above-referenced exhibit being sent to the jury, or in failing to seek redaction of the judge's finding of probable cause; and (2) that trial counsel failed to object to the hearsay testimony of two witnesses for the State. Resp. Ex. F.

---

[1] The first three grounds for habeas relief identified above are grouped by Petitioner into "Ground One" in the petition.

**DISCUSSION**

Respondent argues that Petitioner procedurally defaulted in state court all the claims he raises for habeas relief, and that this Court is therefore barred from considering the merits of these claims. The Court agrees. Under the doctrine of procedural default, a state prisoner is generally barred from obtaining federal habeas relief on claims that were procedurally defaulted in state court, that is, claims that were not properly presented through "one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see also Wemark v. State, 322 F.3d 1018, 1020-21 (8th Cir. 2003).

A Missouri inmate procedurally defaults claims which should have been, but were not, raised on direct appeal or on appeal from the denial of a motion for post-conviction relief. Moore-El v. Luebbers, 446 F.3d 890, 897-98 (8th Cir. 2006) (holding that a Missouri inmate's failure to raise a claim on appeal from the denial of statepost-conviction relief constitutes a procedural default of that claim); Osborne v. Purkett, 411 F.3d 911, 919 (8th Cir. 2005) (same), cert. denied, 126 S. Ct. 1569 (2006); Sweet v. Delo, 125 F.3d 1144, 1149-50 (8th Cir. 1997) (same as to claims not raised on direct appeal); Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994) (stating that in Missouri, a claim must be presented at each step in the judicial process in state court to avoid procedural default).

Here, none of the claims Petitioner asserts herein were presented to the Missouri Court of Appeals on direct appeal or on appeal from the denial of post-conviction relief. Accordingly, all of the claims were procedurally defaulted. Furthermore, a review of the decisions of the Missouri Court of Appeals on direct appeal, Resp. Ex. E, and on appeal

from the denial of post-conviction relief, Resp. Ex. J, establishes that the Missouri appellate court did not lift the procedural default by addressing any of the claims at issue. See Jolly, 28 F.3d at 53. (A Missouri court can lift the bar on an otherwise procedurally defaulted claim by reviewing it on the merits).

A habeas petitioner can overcome the procedural bar to federal habeas review of the claim on its merits by demonstrating (1) both cause for the default and actual prejudice therefrom, or (2) that the failure to review the federal claim will result in a fundamental miscarriage of justice; the "miscarriage of justice" exception permits review of a defaulted claim where a constitutional violation has probably resulted in the conviction of one who is factually "actually innocent." House v. Bell, 126 S. Ct. 2064, 2077 (2006) (citing Schlup v. Delo, 513 U.S. 298, 321-24 (1995)). To show a miscarriage of justice in this context requires "new reliable evidence" that was not presented at trial, and that makes it "more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Id.; see also Abdi v. Hatch, 450 F.3d 334, 338 (8th Cir. 2006).

Here, Petitioner posits the ineffective assistance of post-conviction counsel as cause for the default of his habeas claims of ineffective assistance of trial counsel. This assertion is unavailing. Because there is no constitutional entitlement to counsel in state post-conviction proceedings, the ineffectiveness of appellate counsel in connection with such proceedings cannot constitute cause excusing a procedural default. Armstrong v. Iowa, 418 F.3d 924, 927 (8th Cir. 2005), cert. denied, 126 S. Ct. 1351 (2006); Reese v. Delo, 94 F.3d 1177, 1182 (8th Cir. 1996). Petitioner asserts no other cause for his

4

procedural default, or that he is actually innocent. He has, therefore, failed to establish any ground to excuse the default.

## CONCLUSION

The Court concludes that the doctrine of procedural default bars review of Petitioner's claims for federal habeas relief. The Court does not believe that reasonable jurists might find the Court's assessment of the procedural issues in this case debatable or wrong, for purposes of issuing a Certificate of Appealability under 28 U.S.C. § 2253(c)(2). See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (setting forth the standard for issuing a certificate of appealability).

Accordingly,

**IT IS HEREBY RECOMMENDED** that the petition of James Reed for habeas corpus relief be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability be denied.

The parties are advised that they have ten (10) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that the failure to file timely objections may result in a waiver of the right to appeal questions of fact.

_/s/ Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 11th day of October, 2006.