UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES REED, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:03CV1270 HEA |
| ) | |
| DONNA McCONDICHIE, ) | |
| ) | |
| Respondent, ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Report and Recommendation, of Magistrate Judge Audrey G. Fleissig, that James Reed's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, [Doc. No. 19], be denied. Judge Fleissig also recommended that any motion by Petitioner for a Certificate of Appealability be denied. Petitioner filed written exceptions and objections to the Report and Recommendation. Pursuant to 28 U.S.C. § 636, the Court will therefore conduct a *de novo* review of those portions of the Report and Recommendation to which petitioner objects.

Judge Fleissig recommended that the petition for writ of habeas corpus relief be denied because this Court is procedurally barred from considering the merits of Petitioner's claims. Judge Fleissig found that Petitioner did not raise any of the claims herein on direct appeal or on appeal from the denial of post-conviction relief.

Judge Fleissig further found that Petitioner did not demonstrate that there was both cause for the default and actual prejudice therefrom nor that the failure to review the federal claim will result in a fundamental miscarriage of justice; the "miscarriage of justice" exception meaning that a constitutional violation has probably resulted in the conviction of one who is factually "actually innocent." *House v. Bell*, ___ U.S. ___, 126 S.Ct. 2064, 2077 (2006).

### Exhaustion and Procedural Bar

> "Out of respect for finality, comity, and the orderly administration of justice, a federal court will not entertain a procedurally defaulted constitutional claim in a petition for habeas corpus absent a showing of cause and prejudice to excuse the default." *Dretke v. Haley,* 541 U.S. 386, 388, 124 S.Ct. 1847, 158 L.Ed.2d 659 (2004). This court "is prohibited from reviewing an issue the state court has resolved on an adequate and independent state ground, including procedural default." *Winfield v. Roper,* 460 F.3d 1026, 1036 (8th Cir.2006). "This rule is nearly absolute, barring procedurally-defaulted petitions unless a habeas petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or show actual innocence." *Reagan v. Norris,* 279 F.3d 651, 656 (8th Cir.2002), *citing Coleman,* 501 U.S. at 750, 111 S.Ct. 2546; *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Schlup v. Delo,* 513 U.S. 298, 326-27, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); *see Embrey v. Hershberger,* 131 F.3d 739, 741 (8th Cir.1997) (en banc) ("miscarriage of justice exception is concerned with actual as compared to legal innocence"); *Abdullah v. Groose,* 75 F.3d 408, 411 (8th Cir.1996) (en banc). "The cause and prejudice requirement shows due regard for States' finality and comity interests while ensuring that fundamental fairness remains the central concern of the writ of habeas corpus." *Dretke,* 541 U.S. at 393, 124 S.Ct. 1847.

> To obtain review of a defaulted constitutional claim, "the existence of cause for procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray,* 477 U.S. at 488, 106 S.Ct. 2639. Additionally, "the question of cause for procedural default does not turn on whether counsel erred or the kind of error counsel may have made. So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland* ···" *Id.* If a prisoner fails to demonstrate cause, the court need not address prejudice. *Mathenia v. Delo,* 99 F.3d 1476, 1481 (8th Cir.1996).

*Cagle v. Norris,* 2007 WL 162732, at *7 (8th Cir. 2007).

Petitioner argues in his objections that he did raise his claims at the state level. This Court's review of the State proceedings establishes that Petitioner failed to raise his grounds through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

On direct appeal, Petitioner raise a single issue: Petitioner claimed that the trial court committed plain error in sending an exhibit to the jury during its deliberations. The Appellate Court of Missouri found no plain error and affirmed Petitioner's conviction.

In his post conviction motion, Petitioner raised numerous claims of ineffective assistance of counsel, whereas, on appeal of the denial of post conviction relief, Petitioner raised two points: that he was prejudiced by his counsel's failure because

the jury was allowed to consider the opinion of the preliminary hearing judge (judge's finding of probable cause was included in the transcript exhibit that was sent to the jury); and that trial counsel failed to object to hearsay testimony of two state witnesses. None of Petitioner's claims herein were raised at the appropriate state appellate level.

Although there exist, and Petitioner "invokes" the cause and prejudice and miscarriage of justice exceptions to a procedural bar, Petitioner points to no external factor impeding compliance with Missouri procedural law and demonstrates no cause for the procedural default. *See Engle v. Isaac,* 456 U.S. 107, 119-25, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *Cagle*, 2007 WL 162732, at *7. Petitioner's reliance on an ineffective assistance of post-conviction and post-conviction appellate counsel is unavailing since there is no constitutional entitlement to counsel in state post-conviction proceedings. *Armstrong v. Iowa*, 418 F.3d 924, 927 (8th Cir. 2005), *cert. denied*, ___U.S. ___, 126 S.Ct. 1351 (2006).

Additionally, Petitioner neither claims nor demonstrates miscarriage of justice through actual innocence. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup,* 513 U.S. at 316, 115 S.Ct. 851. *See*

*Engle,* 456 U.S. at 135, 102 S.Ct. 1558 (victims of a fundamental miscarriage of justice generally meet the cause-and-prejudice standard); *Embrey,* 131 F.3d at 741 ("in non-capital cases the concept of actual innocence is easy to grasp, because it simply means the person didn't commit the crime"). In this case, there is no evidence of miscarriage of justice, or actual innocence, as required for habeas review. *Cagle*, 2007 WL 162732, at *7.

<u>Certificate of Appealablity</u>

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and as discussed herein, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. Petitioner's objections are overruled; the record clearly establishes that Petitioner's claims are procedurally barred. The Court, therefore adopts Judge Fleissig's Report and Recommendation in its entirety.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of James Reed for Writ of Habeas Corpus, [Doc. No. 19], pursuant to 28 U.S.C. § 2254 is denied.

**IT IS FURTHER ORDERED** that any motion by Petitioner for a Certificate of Appealability will be denied, as Petitioner has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 13th day of February, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE